FILED
SUPERIOR COURT
OF GUAM

# IN THE SUPERIOR COURT OF GUAM

2014 FEB -5 PM 1: 30

CLERK OF COURT
BY:

PEOPLE OF GUAM,

vs.

DANNY JAMES REYES ZAMORA

Defendant.

) Criminal Case No. CF193-11/CF369-12
)
)
)
)
)
) **DECISION AND ORDER: Defendant's**
) **Renewed Motion in Limine to Admit**
) **Evidence of Alleged Victim's Past Sexual**
) **Behavior**
)
)
)

## INTRODUCTION

This matter came before the Honorable Anita A. Sukola on January 15, 2014, January 17, 2014, and January 24, 2014 on Danny James Reyes Zamora's ("Defendant") Renewed Motion in Limine to Admit Evidence of Alleged Victim's Past Sexual Behavior. Assistants Attorney General Lisa D. Lorig and Elizabeth S. Vasiliades represented the People of Guam ("the People"). Defendant was represented by Attorney Joaquin C. Arriola, Jr. Upon review of the evidence, oral and written arguments, and legal authorities presented by the parties, the Court **DENIES** Defendant's motion.

## BACKGROUND

Defendant was indicted in CF193-11 on April 19, 2011. The charges therein were two counts of Second Degree Criminal Sexual Conduct (as a First Degree Felony). Indictment: CF193-11 (Apr. 19, 2011). Thereafter, on July 19, 2012, a Superior Court of Guam Grand Jury handed down a Superseding Indictment in CF193-11. The Superseding Indictment charges the

CF193-11/CF369-12: People v. Danny J.R. Zamora
Defendant's Renewed Motion in Limine to Admit Evidence of Alleged Victim's Past Sexual
Behavior

Defendant with two counts of Second Degree Criminal Sexual Conduct (as a First Degree Felony). Superseding Indictment: CF193-11 (Jul. 19, 2012).

Defendant was also indicted in CF369-12, on June 22, 2012. The charges against Defendant therein are as follows: (1) Second Degree Criminal Sexual Conduct (as a First Degree Felony); (2) Fourth Degree Criminal Sexual Conduct (as a Third Degree Felony); and (3) Harassment (as a Petty Misdemeanor). Indictment: CF369-12 (Jun 22, 2012). Defendant was arraigned on June 27, 2012. He pled not guilty, requested a jury of twelve and waived speedy trial. Super Ct. of Guam Minute Entry Log No. 20844 (Jun 27, 2012).

Defendant filed this Renewed Motion in *Limine* to Admit Evidence of Alleged Victim's Past Sexual Behavior on January 13, 2014. The instant motion comes after the Court issued its Decision and Order on April 11, 2013, allowing an in camera hearing to determine the admissibility of 412 evidence, after compliance with the procedures set forth in Guam Rules of Evidence. Having given notice to the Victim pursuant to GRE 412, the Court heard this matter on January 15, 2014, January 17, 2014, and January 24, 2014

## DISCUSSION
### CF193-11

Defendant moves to admit evidence of the alleged Victim's (CM) sexual history with B.D. Defendant argues that CM "and her father filed a stalking complaint against her former boyfriend, B.D., age 22, around April, 2011. CM who was turning age 15 at the time of reporting, reported that BD allegedly sexually assaulted her, among other things, by digital penetration. During the report of this incident in April 2011, CM was asked about any history of sexual abuse. She then disclosed the incidents forming the Indictment herein, i.e., that she had previously been sexually assaulted by Defendant three to five years earlier." Def.'s

The People oppose Defendant's motion.

Guam's Rules of Evidence provide the following relative to the relevance of an alleged victim's past sexual behavior in a criminal case:

> **Rule 412.  Sex Offense Cases; Relevance of Alleged Victim's Past Sexual Behavior or Alleged Sexual Predisposition.**
> (a) Evidence generally inadmissible.  The following evidence is not admissible in any civil or criminal proceeding involving alleged sexual misconduct except as provided in subdivisions (b) and (c):
> (1) evidence offered to prove that any alleged victim engaged in other sexual behavior; and
> (2) evidence offered to prove any alleged victim's sexual predisposition.
> (b) Exceptions.
> (1) In a criminal case, the following evidence is admissible, if otherwise admissible under these rules:
> (A) evidence of specific instances of sexual behavior by the alleged victim offered to prove that a person other than the accused was the source of semen, injury, or other physical evidence;
> (B) evidence of specific instances of sexual behavior by the alleged victim with respect to the person accused of the sexual misconduct offered by the accused to prove consent or by the prosecution; and
> (C) evidence the exclusion of which would violate the constitutional rights of the defendant.

GRE 412.

This rule is based on Rule 412 of the Federal Rules of Evidence and "aims to safeguard the alleged victim against the invasion of privacy, potential embarrassment and sexual stereotyping that is associated with public disclosure of intimate sexual details and the infusion of sexual innuendo into the factfinding process." Fed. R. Evid. 412, Advisory Committee Notes, 1994 Amendments (West); *United States v. Torres*, 937 F.2d 1469, 1472-73 (9th Cir. 1991) (citing 124 Cong.Rec.H. 11944 (daily ed. Oct. 10, 1978) (statement of Rep. Mann)) (the purpose of the rule is "to protect rape victims from the degrading and embarrassing disclosure of intimate details about their private lives").

The allegations against Defendant in CF193-11 charges out sexual contact occurring "on or about the period between October 10, 2006 and October 10, 2008." In review of the information provided that Defendant wants introduced, the allegations and subsequent plea agreement involving CM and BD relate to a period on or about December 1, 2010 and December 31, 2010. This does not relate to a prior sexual behavior involving the victim. Likewise, the Court does not find it relevant to the instant case. It appears that this information is to be used for the purpose of evidencing the victim's sexual predisposition which GRE 412(a)(2) clearly prohibits. For this reason, the Court does not find any exceptions presented by Defendant to admit 412 evidence.

**CF 369-12**

Defendant also requests to review information submitted to the Court by the People involving the alleged victim in CF369-12. Upon review of the information, the Court does not find the information relevant to the case at bar and GRE 412 would also exclude the information provided. Relevant evidence is evidence "having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence". GRE 401. Evidence which is not relevant is not admissible. GRE 402. Further, even relevant evidence may be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice" or "confusion of the issues". GRE 403.

The information does not have a tendency to make the determination of consequential facts in the case more or less probable. Because it is irrelevant, such evidence serves no probative value to the determination of pertinent facts or conclusions. Accordingly, its introduction would serve only to prejudice the victim by attacking her sexual character in a

4

manner explicitly prohibited by §412. As such, the balancing test of rule 403 weighs strongly in favor of exclusion and §402 requires it.

## CONCLUSION

By preponderance of the evidence and based on the foregoing reasons, the Court **DENIES** Defendant's Renewed Motion in Limine to Admit Evidence of Alleged Victim's Past Sexual Behavior. **Pre-Trial Conference** is set for <u>February 6, 2014 at 9 a.m.</u>

**SO ORDERED** ___*5*___ day of <u>FEBRUARY</u>, 2014.



HONORABLE ANITA A. SUKOLA
Judge, Superior Court of Guam

FEB - 2014

CF193-11/CF369-12: People v. Danny J.R. Zamora
Defendant's Renewed Motion in Limine to Admit Evidence of Alleged Victim's Past Sexual Behavior